In re Estate of Strauch.

[Cite as In re Estate of Strauch, 15 Ohio St. 2d 192.]

(No. 41326—Decided July 10, 1968.)

*Messrs. Means, Bichimer & Burkholder, Mr. Raymond A. Bichimer* and *Mr. John C. Burkholder,* for appellants-legatees.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Colborn M. Addison, Mr. Roger A. Yurchuck* and *Mr. James R. Beatley, Jr.,* for appellee, Charles Vorhees, guardian of Alice J. Strauch, an incompetent.

MATTHIAS, J. There are several questions before us, but because of our disposition of the first question—wheth-

er legatees under a will have the right to contest an election not to take under a will, made by a Probate Court on behalf of an incompetent surviving spouse pursuant to Section 2107.45, Revised Code—we find it unnecessary to reach the other issues in this case.

The right to dispose of property by will and to receive property under a will is a matter of statute. See 55 Ohio Jurisprudence 2d 522, Wills, Section 47. Since the right to make a will is a matter of statute, the statutes may place certain conditions and limitations thereon. One of the conditions on testamentary dispositions by a husband or wife is the right of the surviving spouse to elect not to take under the will but under the statute of descent and distribution, Section 2107.39, Revised Code. This right in the surviving spouse is absolute. However, in the event a surviving spouse is incompetent and thus unable to make such election, Section 2107.45, Revised Code, provides that the Probate Court shall make the election on behalf of such spouse. Thus, the right to make such an election lies in the surviving spouse or in the Probate Court acting on behalf of the surviving spouse.

Section 2107.45, Revised Code, provides that, in making such determination, the sole yardstick by which the Probate Court shall be guided is what is "better for such spouse."

Since the only question to be determined by the Probate Court in electing whether an incompetent surviving spouse shall take under the will is what is "better for such spouse," the only persons who may question such determination are the guardian of such spouse or some other party acting on behalf of such spouse. Legatees under the will have no right to contest such action on their own behalf.

In other words, legatees under a will have no right to contest an election not to take under a will made by the Probate Court on behalf of a surviving spouse who, because of legal disability, is unable to make such election on his own behalf.

Thus, the determination of the Court of Appeals that

the legatees were not proper appellees in that court, on the ground that such legatees had no legal interest or right to contest such election, was proper. Therefore, appellants-legatees are not proper parties to pursue an appeal to this court and we do not reach the other errors assigned herein.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.