IN RE ESTATE OF CROMLEY.

(No. 80CA1—Decided May 7, 1981.)

Mr. Kenneth M. Robbins, for the appellant, Martha Cromley.

Messrs. Margulis, Gussler, Hall, Hosterman & Lucks and Mr. Leo J. Hall, for the appellee, Eugene Wilson.

GREY, P.J. This case, on appeal from the Court of Common Pleas of Pickaway County, Probate Division, deals with the probate court's discretion in making an election for an incompetent under R.C. 2107.45.

The facts are relatively simple. Thaddeus Cromley, age 90, is the surviving spouse of Elsie Hewitt Cromley. Elsie died testate, but her will makes no provision for Thaddeus. Thaddeus is incompetent so the election to take under the will, or against the will, was made by the probate court as required by R.C. 2107.45.

The probate court appointed a commissioner who evaluated the estate and determined that under the will Thaddeus would take nothing, but that under the law, he would be entitled to $90,615.72. The probate court made the election to take against the will.

Martha Cromley, one of Thaddeus' co-guardians, appeals. Although designated as an "Issue," appellant's sole assignment of error is as follows:

"Is the court limited to the confines of the will in making its election for a person under disability [sic]? or, in making the election, may the court look to circumstances beyond the will and determine from those circumstances as well as from the will itself which way it would be most beneficial for the person under disibility [sic] to take?"

R.C. 2107.45 requires the court to appoint a commissioner, as was done in this case, to evaluate the estate and determine the rights of the incompetent surviving spouse under the will vis-a-vis under the law. The commissioner then reports his findings to the court. Thereafter the court is specifically mandated in its procedure:

"When the person appointed returns the report of his investigation, the court shall determine whether the provision made by the testator for the surviving spouse in the will or the provision under sections 2105.01 to 2105.21, inclusive, of the Revised Code, is *better* for such spouse and shall elect accordingly. The court

shall thereupon record upon its journal the election made for such spouse, which election, when so entered, shall have the same effect as an election made by one not under such disability." (Emphasis added.) R.C. 2107.45.

The court must examine the commissioner's evaluation and then choose which option is better. The determination of what is "better" is the heart of the issue presented.

Appellant contends that the probate court has discretion in the election and may take into account all relevant factors, including the status of the incompetent's estate and tax implications. As applied to this case the argument runs as follows. Thaddeus is 90 years old, incompetent, and residing in a nursing home. He has an estate valued between $650,000 to $750,000. If he takes the $90,000 from Elsie's estate, his *own* estate taxes will be increased by $37,400. Thus, appellant argues that "better," as used in the statute, means making that choice which the incompetent would make himself were he competent; and, the court may presume that Thaddeus would prefer that his heirs, rather than the government, get the $37,400.

Appellee, Eugene Wilson, the other co-guardian, on the other hand, argues that the court has limited, if any, discretion. The choice of the court is a bottom-line consideration, *i.e.*, which of the two choices is more valuable, regardless of its effect on the incompetent's estate. Simply put, getting $90,000 is better than not getting $90,000.

We believe the probate court does have some discretion in making the election. It is not limited to merely choosing the higher figure. If this was what the legislature intended, the election would be automatic without the court's intervention. The affairs of the estate of an incompetent may be complex. A land-rich, cash-poor estate may be better served by an election to take cash, although the

other option may include slightly more valuable, but less liquid, assets.

But in the exercise of this discretion may the probate court consider the interests of the other heirs of the estate, or the heirs of the incompetent? May the court engage in what constitutes "estate planning" for the incompetent? We think not.

*In re Estate of Strauch* (1967), 11 Ohio App. 2d 173 [40 O.O.2d 331], affirmed (1968), 15 Ohio St. 2d 192 [44 O.O.2d 331], and *In re Estate of Callan* (1956), 101 Ohio App. 114 [1 O.O.2d 64], both have facts similar to this case. Both cases held that the probate court has some limited discretion in making the election. But the discretion is limited to what is better for the incompetent — this is the sole criterion. Paragraphs three and four of the headnotes in *In re Estate of Strauch, supra* (11 Ohio App. 2d), put it succinctly:

"3. In making an election for a surviving spouse under Section 2107.45, Revised Code, a Probate Court is to determine which is better as between the provision 'in the will' and the provision under the statutes. The court may not consider provisions by the decedent or others outside the will and cannot consider the effect of an election upon legatees, heirs, next of kin or the tax collector.

"4. An incompetent surviving spouse's lack of financial need, her probable intent to honor the testator's intent, and the existence of a plan of disposition of assets are not permissible standards for making an election under Section 2107.45, Revised Code."

The Ohio Supreme Court in *In re Estate of Cook* (1969), 19 Ohio St. 2d 121 [48 O.O.2d 113], noting that the probate court's discretion is limited, specifically stated, at paragraph one of the syllabus, what those limits are:

"The election provided by statute for a surviving spouse to choose whether she desires to take under her husband's will or under the statute of descent and distribution is solely for the benefit of the surviving spouse, and where that spouse is under a legal disability the Probate Court must elect on her behalf the provision which is better for her, considering only her interests."

Applying the law of these cases to the facts of this appeal, we must conclude that the probate court did not abuse its discretion in electing to take against the will. Getting $90,000 is, regardless of the tax consideration, better than getting nothing.

The sole assignment of error is overruled, and the judgment of the probate court is affirmed.

*Judgment affirmed.*

ABELE and STEPHENSON, JJ., concur.